# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSE DOLORES AMBRIZ-RODRIGUEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-2069-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Ambriz-Rodriguez pleaded guilty of illegal reentry after removal in violation of 8 U.S.C. § 1326 and was sentenced, within the applicable guideline range, to forty-six months of imprisonment. He challenges the substantive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness of the sentence, claiming that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

We review substantive reasonableness under an abuse-of-discretion standard. *See Gall v. United States,* 552 U.S. 38, 51 (2007). A sentence within the guidelines is entitled to a presumption of reasonableness. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* As Ambriz-Rodriguez concedes, his theory that the presumption should not apply is foreclosed. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366 (5th Cir. 2009).

We have repeatedly rejected arguments that a sentence is unreasonable because U.S.S.G. § 2L1.2 is not based on empirical data or effectively double-counts prior offenses. *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir. 2009). Although Section 2L1.2 was recently amended, Ambriz-Rodriguez has not shown that the district court erred by applying the version of the guidelines in effect at the time of sentencing. *See United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999); U.S.S.G. § 1B1.11(a). Finally, the record reflects that the court heard and considered Ambriz-Rodriguez's contentions regarding his history and characteristics, the need for deterrence, and his benign motive for reentry; his repetition of those arguments on appeal amounts to only a disagreement with the sentence and fails to rebut the presumption of reasonableness. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Gomez-Herrera,* 523 F.3d 554, 565–66 (5th Cir. 2008).

The judgment of sentence is AFFIRMED.